```
 1  ERSKINE & TULLEY
    A PROFESSIONAL CORPORATION
 2  MICHAEL J. CARROLL (St. Bar #50246)
    220 Montgomery Street, Suite 303
 3  San Francisco, CA  94104
    Telephone:  (415) 392-5431
 4  Fax: (415) 392-1978

 5  Attorneys for Plaintiff
```

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NORTHWEST ADMINISTRATORS, INC., | ) | NO. CV 08 1245 JCS |
| Plaintiff, | ) | COMPLAINT |
| vs. | ) | |
| EAST BAY ROCK CORPORATION, a California corporation, | ) | |
| Defendant. | ) | |

Plaintiff complains of defendant and for a cause of action alleges that:

1. Jurisdiction of this Court is founded upon Section 301(c)(1) of the National Labor Relations Act of 1947 [29 U.S.C. § 185(a)] and Section 502 of the Employee Retirement Income Security Act of 1974, said Act being hereinafter referred to as "ERISA" (29 U.S.C. 1132), in that defendant has violated a collective bargaining agreement and certain Trust Agreements, thereby violating the provisions of ERISA and the provisions of the National Labor Relations Act of 1947. This action is also brought pursuant to the Federal Declaratory Judgment Act (28 U.S.C. § 2201 et seq.) in a case of

COMPLAINT
-1-

1  actual controversy between plaintiff and defendant, and for a Judgment
2  that defendant pay fringe benefit contributions in accordance with its
3  contractual obligations.
4      2.  Plaintiff is an organization incorporated and in good
5  standing under the laws of the State of Washington.  Plaintiff has
6  qualified to do business and is doing business in the State of
7  California, and its principal place of business in California is in
8  Daly City, San Mateo County.  Plaintiff is the administrator of the
9  WESTERN CONFERENCE OF TEAMSTERS PENSION TRUST FUND and has been
10 directed and authorized by the Trustees of said Trust Fund to bring
11 this action for and on behalf of the Trustees of said Trust Fund.  The
12 WESTERN CONFERENCE OF TEAMSTERS PENSION TRUST FUND will hereinafter
13 be referred to as the "TRUST FUND".  The Agreement and Declaration of
14 Trust, dated April 26, 1955 (hereinafter referred to as the "Trust
15 Agreement"), which Trust Agreement established the TRUST FUND sets
16 forth the provisions governing the maintenance of the TRUST FUND
17 pursuant to the applicable requirements of Section 302 of the Labor
18 Management Relations Act of 1947 (29 U.S.C. § 186) as amended.
19     3.  Each and every defendant herein is the agent of each and
20 every other defendant herein.  Defendants and each of them are engaged
21 in commerce or in an industry affecting commerce.
22     4.  At all times pertinent hereto defendant was bound by
23 a written collective bargaining agreement with Teamsters Local Union
24 No. 853, a labor organization in an industry affecting commerce.  The
25 aforesaid agreement provides that defendant shall make contributions
26 to the WESTERN CONFERENCE OF TEAMSTERS PENSION TRUST FUND on behalf
27 of defendant's employees on a regular basis, and that defendant shall
28 be bound to and abide by all the provisions of the Trust Agreement

COMPLAINT
-2-

above referred to.

5. The TRUST FUND relies upon a self reporting system. Defendant has unique knowledge of the amounts of contributions that it is liable to pay each month, and has a fiduciary obligation to accurately report the amount to the TRUST FUND.

6. Defendant has breached both the provisions of the collective bargaining agreement and the Trust Agreement above referred to by failing to complete and send in monthly reports and/or to pay all moneys due thereunder on behalf of defendant's employees to the TRUST FUND. Said breach constitutes a violation of ERISA (29 U.S.C. 1002, et seq.) and of the National Labor Relations Act of 1947.

7. Defendant has failed and refused to pay in a timely manner since June 1, 2007. Pursuant to the terms of the collective bargaining agreement, there is now due, owing and unpaid from defendant to the TRUST FUND contributions for hours worked by covered employees (Pension Account 315654) for the months of June 2007, July 2007, August 2007, September 2007, October 2007, November 2007, December 2007 and January 2008 and liquidated damages and interest which are specifically provided for by said agreement. The total amount due is unknown at this time; additional monthly amounts may become due during the course of this litigation and in the interest of judicial economy, recovery of said sums will be sought in this case. Interest is due and owing on all principal amounts due and unpaid at the legal rate from the dates on which the principal amounts due accrued. The total amount due in this paragraph is unknown at this time, except to the defendant.

8. Demand has been made upon said defendant, but defendant has failed and refused to pay the amounts due the TRUST FUND or any

COMPLAINT
-3-

1 part thereof; and there is still due, owing and unpaid from defendant
2 the amounts set forth in Paragraph 7 above.
3    9.   An actual controversy exists between plaintiff and
4 defendant in that plaintiff contends that the TRUST FUND is entitled
5 to a timely monthly payment of trust fund contributions now and in the
6 future pursuant to the collective bargaining agreement and the Trust
7 Agreement, and defendant refuses to make such payments in a timely
8 manner.
9    10.  The TRUST FUND does not at this time seek to audit the
10 books and records of defendant.  The only issue raised in this
11 complaint is defendant's failure to complete and file voluntary
12 monthly reports and pay the contributions due.  The TRUST FUND seeks
13 to obtain a judgment for any outstanding delinquent contributions
14 based on defendant's reports and to reserve the right to audit
15 defendant for this or any other unaudited period.
16    11.  The Trust Agreement provides that, in the event suit is
17 instituted to enforce payments due thereunder, the defendant shall pay
18 court costs and a reasonable attorneys' fee.  It has been necessary
19 for plaintiff to employ ERSKINE & TULLEY, A PROFESSIONAL CORPORATION,
20 as attorneys to prosecute the within action, and a reasonable
21 attorneys' fee should be allowed by the Court on account of the
22 employment by plaintiff of said attorneys.
23    WHEREFORE, plaintiff prays:
24    1.   That the Court render a judgment on behalf of plaintiff
25 for all contributions due and owing to the date of judgment based upon
26 unaudited reporting forms, plus liquidated damages provided for by the
27 contract, interest at the legal rate, reasonable attorneys' fees
28 incurred in prosecuting this action and costs.

COMPLAINT
-4-

1    2.   That the Court enjoin the defendant from violating the
2 terms of the collective bargaining agreements and the Trust Agreement
3 for the full period for which defendant is contractually bound to file
4 reports and pay contributions to the TRUST FUND.
5    3.   That the Court reserve plaintiff's contractual right to
6 audit defendant for months prior to judgment, and in the event of such
7 audit, collect any additional sums which may be due.
8    4.   That the Court retain jurisdiction of this cause pending
9 compliance with its orders.
10   5.   For such other and further relief as the Court deems
11 just and proper.
12      Dated:   February 26, 2008
13                              ERSKINE & TULLEY
14
15                              By: _____
                                    Michael J. Carroll
16                                  Attorneys for Plaintiff

COMPLAINT
-5-

JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

**I.(a) PLAINTIFFS** NORTHWEST ADMINISTRATORS INC.

**DEFENDANTS** EAST BAY ROCK CORPORATION, a California corporation,

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF SAN MATEO
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
ERSKINE & TULLEY
220 MONTGOMERY STREET, SUITE 303
SAN FRANCISCO, CA 94104  (415) 392-5431

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ Original Proceeding
- ☐ Removed from State Court
- ☐ Remanded from Appellate Court
- ☐ Reinstated or Reopened
- ☐ Transferred from Another district (specify)
- ☐ Multidistrict Litigation
- ☐ Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 RR & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth In Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence Habeas Corpus: | ☒ 791 Empl.Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | | ☐ 870 Taxes (US Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing | ☐ 535 Death Penalty | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer w/ disab - Empl | ☐ 555 Prison Condition | | | |
| | ☐ 446 Amer w/ disab - Other | | | | |
| | ☐ 480 Consumer Credit | | | | |
| | ☐ 490 Cable/Satellite TV | | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
Section 502 of the Employee Retirement Income Security Act [29 U.S.C. §1132
This action seeks to compel defendants to pay delinquent trust fund contributions pursuant to the collective bargaining agreement and other agreements executed by defendants and TEAMSTER UNION

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $_____   CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
☒ SAN FRANCISCO/OAKLAND   ☐ SAN JOSE

DATE 2/26/08

SIGNATURE OF ATTORNEY OF RECORD

Michael J. Carroll (St. Bar #50246)