UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHWEST ADMINISTRATORS, **E-filing** <br><br> Plaintiff(s), <br> v. <br><br> EAST BAY ROCK CORP., <br> Defendant(s). | No. C 08-01245 JCS <br><br> **ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES** |

    IT IS HEREBY ORDERED that this action is assigned to the Honorable Joseph C. Spero. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order , the Notice of Assignment of Case to a United States Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

    IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov. A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

## CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|---|---|---|
| 3/3/2008 | Complaint filed | |
| 5/16/2008 | *Last day to: <br> • meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil L.R. 16-8 |
| 5/30/2008 | *Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1) <br> Civil L.R . 16-9 |
| 6/6/2008 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Ctrm A, 15th Floor, SF at 1:30 PM | Civil L.R. 16-10 |

\* If the Initial Case Management Conference is continued, the other deadlines are continued accordingly.

**STANDING ORDER**

1. Civil Law and Motion is heard on Fridays, at 9:30 a.m. Criminal Law and Motion is heard on Fridays, at 10:30 a.m. Counsel need not reserve a hearing date in advance for civil motions. However, noticed dates may be reset as the Court's calendar requires.

2. Case Management and Pretrial Conferences are heard on Fridays, at 1:30 p.m. Case Management Conferences will no longer be recorded, unless requested by the parties.

3. In cases that are randomly assigned to Judge Spero for all purposes, a Consent to Proceed before a U.S. Magistrate Judge and a Declination to Proceed Before a Magistrate Judge And Request For Reassignment to a United States District Judge Forms will be mailed to all parties. The parties are requested, within two weeks from receipt of the form, to complete and file the form indicating their consent or request for reassignment to a District Judge.

4. Parties with questions regarding scheduling of settlement conferences should contact Judge Spero's secretary, Mary Ann Macudzinski-Gomez, at (415) 522-3691. All other scheduling questions should be addressed to Judge Spero's courtroom deputy, Karen Hom, at (415) 522-2035.

5. In lieu of filing formal discovery motions, lead trial counsel for Plaintiff(s) and lead trial counsel for Defendant(s) shall meet and confer **in person** regarding the subject matter of the Motion(s) in an effort to resolve these matters. After attempting other means to confer on the issue (i.e. letter, phone call, e-mail) any party may demand such a meeting on ten (10) business days' notice. The location of the meeting will alternate with the first location selected by counsel for Plaintiff, the second by counsel for Defendant, etc. Within five (5) business days of the lead trial counsels' meet-and-confer session, the parties shall provide a detailed Joint Letter to the Court. This Joint Letter shall include a description of every issue in dispute and,

1  with respect to each such issue, a detailed summary of each party's final substantive position
2  and their final proposed compromise on each issue.  Upon receipt of the Joint Letter the Court
3  will determine what future proceedings are necessary.

5        6.     In all "e-filing" cases, when filing papers in connection with any motion for
6  determination by a judge, the parties shall, in addition to filing papers electronically, lodge with
7  chambers a printed copy of the papers by the close of the next court day following the day the
8  papers are filed electronically.  **These printed copies shall be marked "Chambers Copy" and**
9  **shall be submitted directly to Magistrate Judge Spero's chambers in an envelope clearly**
10 **marked with the judge's name, case number and "E-Filing Chambers Copy."  Parties**
11 **shall not file a paper copy of any document with the Clerk's Office that has already been**
12 **filed electronically.**

14       7.     Any proposed stipulation or proposed order in a case subject to electronic filing
15 shall be sent by email to **jcspo@cand.uscourts.gov.**  This address is to be used only for
16 proposed orders unless otherwise directed by the Court.
17      IT IS SO ORDERED.

19 Dated: May 29, 2007

                              JOSEPH C. SPERO
                              United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**NOTICE OF RULE DISCONTINUING SERVICE BY MAIL**

This is an E-filing case. Pursuant to Local Rule, the Court will no longer serve any counsel by mail. If counsel wish to be served with documents generated by the Court, they must register for E-filing pursuant to Local Rule 5-4 and General Order 45.

IT IS SO ORDERED.

Dated: May 30, 2003

JOSEPH C. SPERO
United States Magistrate Judge

# STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

# CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.  Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.  Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.  Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.  Motions: All prior and pending motions, their current status, and any anticipated motions.

5.  Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.  Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.  Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.  Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.  Class Actions: If a class action, a proposal for how and when the class will be certified.

10. Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. Relief: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated.  In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12. Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13. Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14. Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16. Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17. Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18. Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19. Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.  **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either:  (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.